J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiff
Deckers Outdoor Corporation

**2009 NOV -9 PM 3: 15**

**FILED**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**CV09- 8208 PSW**

Deckers Outdoor Corporation,

Plaintiff,

v.

Geoff Sharp, an individual and d/b/a
Australian Aura, Australian Aura/30
Below Australia and
Australianaura.com/www.30-below.com;
Australian Aura Global Enterprises Pty.
Ltd.; Eugene Hasson, an individual and
d/b/a Relentless Kicks;  Efraim Abed, an
individual and d/b/a The Denim Zone;
George Dahak; Daniel Desterdick; Jian
Feng Zhang a/k/a Jeff Zhang, an
individual and d/b/a Dreamix Design
a/k/a Dreamix Media; Li Li a/k/a Li
Zhang, an individual and d/b/a Dreamix
Design a/k/a Dreamix Media and Does
1 – 10, inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, TRADEMARK
DILUTION AND UNFAIR
COMPETITION

DEMAND FOR JURY TRIAL

Plaintiff Deckers Outdoor Corporation ("Deckers") alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this

action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28

**COPY**

U.S.C. § 1338(a) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the law of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). A substantial part of the events giving rise to Deckers claims occurred in this judicial district.

## INTRODUCTION

3.      This action has been filed by Deckers to combat the willful sale of unlicensed and counterfeit products ("Infringing Product"), specifically including its core product of UGG® boots, bearing Deckers exclusive trademarks.  Certain of Defendants in this action are sellers of counterfeit Deckers UGG® branded boots through Internet sites and other venues, including but not necessarily limited to www.30-below.com, www.australianaura.com, www.uggfootwear.com.au, www.123kicks.com, www.thedenimzone.com and www.craigslist.org (the "Websites").  All Defendants, through such active manufacturing, purchasing, distributing, offering of sale and selling such unlicensed and counterfeit footwear, Deckers is irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks.

4.      Deckers seeks a permanent injunction, damages, costs and attorney's fees as authorized by the Lanham Act and California law.

## THE PARTIES

5.      Deckers is a Delaware corporation that designs and markets footwear. Its principal place of business is at Goleta, California.

6.      Defendant Geoff Sharp ("Sharp") is an individual and doing business as Australian Aura, Australian Aura/30 Below Australia and

Australianaura.com/www.30-below.com, and upon information and belief resides in the city of Melbourne, State of Victoria, Country of Australia.  Sharp transacts business as www.30-below.com, www.australianaura.com and www.uggfootwear.com.au by selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

7.    Defendant Australian Aura Global Enterprise Pty. Ltd. ("AAGE"), upon information and belief, is an Australian corporation, with its principal place of business in the city of Melbourne, State of Victoria, Country of Australia.  AAGE transacts business as www.uggfootwear.com.au by selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

8.    Defendant Eugene Hasson is an individual and doing business as Relentless Kicks ("Hasson"), and is a resident of the city of Los Angeles, State of California.  Hasson transacts business as www.123kicks.com by selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

9.    Defendant Efraim Abed is an individual and doing business as The Denim Zone ("Abed"), and is a resident of Brooklyn, in the State of New York.  Abed transacts business as www.thedenimzone.com and www.55offoutlet.com by selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

10.    Defendant George Dahak ("Dahak") is an individual.  Plaintiff is informed and believes that Dahak is a resident of Brooklyn, in the State of New York.  Dahak transacts business as www.thedenimzone.com by selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

11.    Defendant Daniel Desterdick ("Desterdick") is an individual.  Plaintiff is informed and believes that Desterdick is a resident of Stroudsburg, in the State of

Pennsylvania.  Plaintiff is further informed and believes, and upon that basis alleges, that Desterdick does business on Craigslist.org.  Desterdick, through his online identity, is selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

12.     Defendant Jian Feng Zhang also known as Jeff Zhang, an individual and doing business as Dreamix Design also known as Dreamix Media ("Jian Feng").  Plaintiff is informed and believes that Jian Feng is a resident of Diamond Bar, in the State of California.  Plaintiff is further informed and believes, and upon that basis alleges, that Jian Feng does business on Blujay.com.  Jian Feng, through his online identity, is selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

13.     Defendant Li Li Zhang also known as Li Zhang, an individual and doing business as Dreamix Design also known as Dreamix Media ("Li Li").  Plaintiff is informed and believes that Li Li is a resident of Diamond Bar, in the State of California.  Plaintiff is further informed and believes, and upon that basis alleges, that Li Li does business on Blujay.com.  Li Li, through her online identity, is selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

14.     Deckers is informed and believes, and upon that basis alleges, that defendants John Does 1-10 are entities or individuals who are residents in this judicial district and are subject to the jurisdiction of this Court.  Deckers is informed and believes, and upon that basis alleges, that Does 1-10 are entities or individuals who are manufacturing, distributing, importing, displaying, advertising, promoting, selling and/or offering for sale, merchandise in this judicial district which infringes the Deckers Trademarks ("Deckers Trademarks" defined below in para. 14).  The identities of the various Does are unknown to Deckers at this time.  Upon information and belief, said fictitiously named defendants are liable to Deckers on

the basis of the same allegations made herein against Does. Deckers will seek leave to amend this Complaint to insert the true names and capacities when the same are ascertained. Sharp, AAGE, Hasson, Abed, Dahak, Desterdick, Jian Feng, Li Li and Does 1-10 are collectively referred to herein as "Defendants".

## FACTUAL BACKGROUND

15.     Deckers has become well known throughout the United States and elsewhere as a source of high quality footwear products, including the UGG® brand of premium sheepskin footwear. Deckers' UGG® products are distributed and sold to consumers through retailers throughout the United States and through the www.uggaustralia.com website.

16.     Since acquiring the UGG® trademark and the goodwill of the business in 1995, Deckers has continuously sold footwear and clothing under the UGG® brand. Deckers has built substantial goodwill in the UGG® brand. The UGG® brand is famous and a valuable asset of Deckers.

17.     Deckers has adopted and used and owns an UGG trademark for footwear. Deckers is the owner of U.S. Trademark Registration No. 3,050,925 for its UGG trademark ("the UGG registered trademark"). The UGG trademark has been used continuously since at least as early as 1979 by Deckers and its predecessors in interest. A true and correct printout of the details of this registration is attached hereto as Exhibit "A". The registration is valid and subsisting.

18.     Deckers has adopted and used and owns a Sun Logo trademark ("Sun Logo registered trademark") in connection with its UGG® brand of footwear:



Deckers is the owner of U.S. Trademark Registration No. 2,314,853 for its Sun Logo registered trademark. The Sun Logo registered trademark has been used continuously since at least as early as March 1997 in connection with footwear and clothing. A true and correct printout of the details of this registration is attached

hereto as Exhibit "B". The registration is valid, subsisting and incontestable under 15 U.S.C. § 1065. The UGG registered trademark and the Sun Logo registered trademark are collectively referred to as the Deckers Trademarks.

19.    The Deckers Trademarks are distinctive when applied to the high quality apparel, footwear and related merchandise signify to the purchaser that the products come from Deckers and are manufactured to the highest quality standard. Whether Deckers manufactures the products itself, or licenses others to do it, Deckers has insured that products bearing its trademarks are manufactured to such standard. Deckers' products have been widely accepted by the public and are enormously popular, as demonstrated by millions of dollars in sales each year.

20.    This enormous popularity is not without cost, as evidenced by the increasing number of counterfeiters in the United States and around the world. Indeed, it is a modern irony that companies measure success by the extent of their counterfeiting problem.

## DEFENDANTS' UNLAWFUL CONDUCT

21.    Defendants are involved in the importation, manufacture, purchase, distribution, offering for sale and/or sale of counterfeit and/or infringing footwear bearing the Deckers Trademarks to the general public, including through sales over the internet.

22.    Deckers is informed and believes and based thereon alleges that Defendants processes purchases of counterfeit and infringing footwear incorporating likenesses of one or more of the Deckers Trademarks.

## FIRST CLAIM FOR RELIEF

## (Trademark Infringement)

23.    Deckers hereby repeats and alleges the allegations set forth in paragraphs 1 through 22 above, as if set forth fully herein.

24.    Deckers' claim arises under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for infringement of registered and unregistered marks.

25.    Deckers owns the exclusive trademark rights to those trademarks listed on Exhibit "A" and "B". All of the trademark registrations are in full force and effect. The Sun logo registration of Exhibit B has become incontestable pursuant to 15 U.S.C. § 1065.

26.    All advertising and products, including apparel, footwear and related merchandise, which have been sold by Deckers, or under its authority, have been manufactured and distributed in conformity with the provisions of the United States trademark law.

27.    Notwithstanding Deckers' well known and prior common law and statutory rights in the Deckers Trademarks, Defendants have, with actual and constructive notice of Deckers' federal registration rights, and long after Deckers established its rights in the Deckers Trademarks, adopted and used the Deckers Trademarks in conjunction with the manufacture, purchase, distribution, offer of sale and sale of footwear in interstate commerce.

28.    Defendants have caused to be imported, distributed, offered for sale and sold footwear bearing one or more of the Deckers Trademarks without the authorization of Deckers. Defendants' manufacture, purchase, distribution, offer for sale and sale of footwear and related merchandise bearing the Deckers Trademarks in interstate commerce has and is likely to cause confusion, deception and mistake or to deceive as to the source and origin of the footwear and related merchandise in that the buying public will conclude that the products sold by Defendants are authorized, sponsored, approved or associated with Deckers.

29.    Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

30.     Upon information and belief, Defendants' activities have also caused actual confusion with consumers as to the source and origin of such footwear and other merchandise.

31.     Defendants' infringing activities will cause irreparable injury to Deckers if Defendants are not restrained by the Court from further violation of Deckers' rights, as Deckers has no adequate remedy at law.

32.     Deckers has suffered damages as a result of the aforesaid acts. Defendants have profited from its unlawful activities. Unless Defendants' conduct is enjoined, Deckers and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Deckers seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

33.     Defendants' use in commerce of the Deckers Trademarks in the sale of footwear and related merchandise is an infringement of Deckers' registered trademarks in violation of 15 U.S.C. §§ 1114(1) and 1125.

34.     Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Deckers and its business. Accordingly, Deckers is entitled to a judgment of three times its damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

35.     In order to determine the full extent of such damages, including such profits, Deckers will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

36.     The unlicensed footwear bearing the Deckers Trademarks, which was sold, distributed and offered for sale by Defendants constitutes counterfeit products pursuant to 15 U.S.C. § 1116(d).

## SECOND CLAIM FOR RELIEF

### (Lanham Act - Unfair Competition)

37.     Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 36 above, as if set forth fully herein.

38.     Deckers' claim arises under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (d) for false designation of origin and false descriptions and representations in interstate commerce.

39.     As a direct result of Deckers' longstanding use, sales, advertising and marketing, the Deckers Trademarks have acquired secondary and distinctive meaning among the public who have come to identify the Deckers Trademarks with Deckers and its products.

40.     The unauthorized and counterfeit footwear and related merchandise which has been manufactured, purchased, distributed, offered for sale and sold by Defendants, duplicates and appropriates the Deckers Trademarks in order to delude and confuse the public into believing that such footwear and related merchandise are authorized, sponsored, approved or associated with Deckers.

41.     Defendants, by misappropriating and using the likenesses of the Deckers Trademarks in connection with the sale of such products, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products.  Defendants have caused such products to enter into interstate commerce willfully, with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from Deckers.

42.     Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, of the infringing footwear and other merchandise.

43.   Defendants' use in commerce of the Deckers Trademarks in the sale of footwear and related merchandise is an infringement of Deckers' registered trademarks in violation of 15 U.S.C. § 1125.

44.   Defendants have profited from their unlawful activities.  Unless Defendants' conduct is enjoined, Deckers and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Deckers seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

45.   Deckers has suffered monetary damages as a result of Defendants' acts. In order to determine the full extent of such damages, including such profits as may be recoverable; Deckers will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

46.   Accordingly, Deckers is entitled to a judgment of three times its damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Lanham Act - Dilution of Famous Mark)

47.   Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 46 above, as if set forth fully herein.

48.   Decker's claim arises under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

49.   As a result of Deckers' continuous promotion of its products in conjunction with the Deckers Trademarks, the Deckers Trademarks have become recognized as distinctive and famous trademarks.

50.   Defendants' use in commerce of the Deckers Trademarks began after the Deckers Trademarks had become famous and has caused dilution of the

distinctive quality of the marks.  Such conduct has caused injury to Deckers pursuant to 15 U.S.C. § 1125(c).

51.    Such dilution has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

52.    Defendants willfully intended to trade on Deckers' reputation and/or to cause dilution of the famous trademarks.  Accordingly, Deckers is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

53.    Unless Defendants' conduct is enjoined, Deckers and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Deckers seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c) (1).

**FOURTH CLAIM FOR RELIEF**

**(For Unfair Competition – California Law)**

54.    Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 53, above, as if set forth fully herein.

55.    The Deckers Trademarks have acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Deckers.  The purchasing public is likely to attribute to Deckers the use by Defendants of the Deckers Trademarks or any of them, as a source of origin, authorization and/or sponsorship for Defendants' goods and therefore to purchase such goods based upon that erroneous belief.

56.    Deckers is informed and believes, and upon that basis alleges, that Defendants have intentionally appropriated the Deckers trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off such goods as those of Deckers and, as such, Defendants have

committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

57.    Defendants' appropriation, adoption and use of one or more of the Deckers Trademarks, including the sale and offering for sale of infringing shoes bearing or using one or more of the Deckers Trademarks in connection with the provision of goods is likely to cause confusion between Defendants' infringing product and the goods authorized and licensed by the Deckers, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

58.    Deckers is informed and believes, and upon that basis alleges, that these deceptive, unfair and fraudulent practices have been undertaken with knowledge by Defendants of their wrongfulness. Deckers is informed and believes, and upon that basis alleges, that Defendants' use of Deckers' trademarks is for the willful and calculated purpose of misappropriating Plaintiff's goodwill and business reputation, at Deckers' expense and at no expense to Defendants. By taking one or more of the Deckers Trademarks, Deckers has been deprived of an opportunity to conduct business using its trademarks and deprived of the right to control the use of its trademarks and Defendants have been unjustly enriched.

59.    Deckers has no adequate remedy at law and has suffered and is continuing to suffer irreparable harm and damage as a result of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

60.    Deckers is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Deckers.

61.    Deckers is informed and believes, and upon that basis alleges, that Defendants have unlawfully and wrongfully derived and will continue to derive

income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court. Deckers is informed and believes, and upon that basis alleges, that it has lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

62.   By reason of the foregoing acts of unfair competition, Deckers is entitled to restitution from Defendants of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

63.   In order to determine the full extent of such damages, including such profits as may be recoverable; Deckers will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution and/or sale of the infringing product.

64.   Deckers is informed and believes, and upon that basis alleges, that Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## FIFTH CLAIM FOR RELIEF

### (Dilution under California Law)

65.   Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 64 above, as if set forth fully herein.

66.   Deckers is informed and believes, and upon that basis alleges, that Defendants' acts have caused a likelihood of injury to Deckers' goodwill and business reputation, impaired the effectiveness of Deckers' trademarks and diluted its distinctive trade names and trademarks.

67.   Deckers is informed and believes, and upon that basis alleges, that

Deckers v. Sharp, et al.: Complaint                                    - 13 -

Defendants' acts violate the trademark laws of the State of California and, specifically, California Business and Professions Code, § 14247.

68.     Deckers has no adequate remedy at law and Defendants' conduct, if not enjoined, will continue to cause irreparable damage to Deckers' rights in their trademarks, trade name, reputation and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, Deckers demands entry of a judgment against Defendants as follows:

1)     Permanent injunctive relief restraining Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

   a)     further infringing the Deckers Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Deckers, including, but not limited to footwear and related merchandise, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Deckers Trademarks ("Unauthorized Products");

   b)     using any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Deckers Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of Unauthorized Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Deckers, or to any goods sold, manufactured, sponsored or approved by, or connected with Deckers;

   c)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which

can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or connected with Deckers, or are sold, manufactured, licensed, sponsored, approved or authorized by Deckers;

d)   engaging in any other activity constituting unfair competition with Deckers, or constituting an infringement of any of Deckers' trademarks or of Deckers' rights in, or to use or to exploit, said trademarks, or constituting any dilution of any of Deckers' names, reputations, or good will;

e)   effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d);

f)   secreting, destroying, altering, removing or otherwise dealing with the Unauthorized Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe any of Deckers' trademarks; and

g)   aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Deckers' trademarks.

2)   Directing that Defendants deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of The Deckers Trademarks or any simulation,

reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3) Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Deckers, or related in any way to Deckers' products.

4) That Deckers be awarded from Defendants, as a result of Defendants' sale of Unauthorized Products bearing the Deckers Trademarks, three times Deckers' damages there from and three times of each of Defendants' profits there from, after an accounting, or, in the alternative statutory damages, should Deckers opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of the Deckers Trademarks infringed upon by each of the Defendants, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000), for each of The Deckers Trademarks infringed upon by each of the Defendants, pursuant to 15 U.S.C. § 1114 and § 1117.

5) That Deckers be awarded from Defendants three times Deckers' damages there from and three times Defendants' profits there from, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

6) That Deckers be awarded its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

7) That Deckers be awarded punitive damages for Defendants' willful acts of unfair competition under California law.

/ / /

/ / /

8)    That Deckers be awarded its costs in bringing this action.

9)    That Deckers have such other and further relief that this Court deems just.

Dated:  November 5, 2009                    J. Andrew Coombs, A Professional Corp.


                                            By:    J. Andrew Coombs
                                                   Annie S. Wang
                                            Attorneys for Plaintiff Deckers Outdoor
                                            Corporation

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Deckers Outdoor

Corporation hereby demands a trial by jury of all issues so triable.

DATED:  November 5, 2009                    J. Andrew Coombs, A Professional Corp.


By:    J. Andrew Coombs
       Annie S. Wang
Attorneys for Plaintiff Deckers Outdoor
Corporation

# EXHIBIT "A"

1

## EXHIBIT A

2

### UGG U.S. Registration No. 3,050,925

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,050,925

Registered Jan. 24, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# UGG

DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S
FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS,
SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S
CLOTHING, NAMELY, COATS, JACKETS,
PONCHOS; WOMEN'S CLOTHING, NAMELY,
SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

**EXHIBIT "B"**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

## Sun Logo U.S. Registration No. 2,314,853

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,314,853

Registered Feb. 1, 2000

## TRADEMARK
### PRINCIPAL REGISTER



WELLS FARGO BANK, N.A. (CALIFORNIA NA-
TIONAL BANKING ASSOCIATION)
495-A S. FAIRVIEW
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLD-
INGS, INC. (CALIFORNIA CORPORATION)
GOLETA, CA 93117

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22
AND 39).
FIRST USE 10–0–1996; IN COMMERCE 3–0–1997.

SN 75–249,238, FILED 2–28–1997.

GEORGE LORENZO, EXAMINING ATTORNEY

```
J. Andrew Coombs  (SBN 123881)
Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation, | CASE NUMBER: **CV09-8208** PJW |
| Plaintiff(s) | |
| v. | |
| Geoff Sharp (see attachment) | **SUMMONS** |
| Defendant(s) | |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
J. Andrew Coombs_____, whose address is:

```
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
```

an answer to the ☒ complaint  ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive
of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date:   - 9 NOV 2009

By: _____
SHEA BOURGEOIS
Deputy Clerk
(Seal of the Court)
SEAL

**SUMMONS**

CV-1A (01/01)

## SUMMONS ATTACHMENT

Deckers Outdoor Corporation,

Plaintiff,

v.

Geoff Sharp, an individual and d/b/a Australian Aura, Australian Aura/30 Below Australia and Australianaura.com/www.30-below.com; Australian Aura Global Enterprises Pty. Ltd.; Eugene Hasson, an individual and d/b/a Relentless Kicks; Efraim Abed, an individual and d/b/a The Denim Zone; George Dahak; Daniel Desterdick; Jian Feng Zhang a/k/a Jeff Zhang, an individual and d/b/a Dreamix Design a/k/a Dreamix Media; Li Li a/k/a Li Zhang, an individual and d/b/a Dreamix Design a/k/a Dreamix Media and Does   1 – 10, inclusive,

Defendants.